HUSE v. MOORE.

Specific Performance—Oral Contract to Convey Land—Performance—Frauds, Statute of.

> Specific performance of oral contract to convey land in consideration of services performed in caring for promisors during their lives was properly decreed, where plaintiffs faithfully performed until death of promisors.

Appeal from St. Clair; Robertson (William), J. Submitted October 7, 1932. (Docket No. 46, Calendar No. 36,585.) Decided January 3, 1933.

Bill by Olga Huse and another against William B. Moore and others for specific performance of an oral contract to convey land. Decree for plaintiffs. Defendants appeal. Affirmed.

*Baird, Watson & McColl,* for plaintiffs.

*Stewart & Black,* for defendants.

Wiest, J. This is an appeal by defendants from a decree granting plaintiffs specific performance of an oral contract between themselves and Theodore Koenig and Alexander Moore, owners of real estate, whereby plaintiffs, in consideration of services in behalf of Mr. Koenig and Mr. Moore during their lives, should have the real estate. The oral contract was clearly established, and the services were faithfully performed, but both promisors died without leaving instruments conveying the property.

The circuit judge filed an opinion from which we quote:

As to specific performance of oral contract to leave property in consideration of services or support, see annotation in 44 L. R. A. (N. S.) 748; 69 A. L. R. 26.

"The testimony is undisputed that after the death of Edna Huse Koenig (wife of Theodore Koenig), Theodore Koenig and Alex Moore made the proposition to Bryson and Olga Huse that if Olga would keep house for them and care for them as their wives had done, and if he, Bryson, would give up his position in Detroit, come up with his wife to their home and do what work he could get to do, that the home would be theirs, that they would give them this property.

"Bryson Huse gave up his position in Detroit, he and Olga, his wife, disposed of their furniture, broke up their home in Detroit and came and lived with Theodore Koenig and Alex Moore at the Huse homestead. In May, 1928, because of some disagreement, Bryson and Olga Huse left and occupied a home of their own. Olga Huse made frequent trips looking after the needs of the Koenig and Moore home, such as mending, cooking and other household work, until June 30, 1930, when they resumed their position in the Huse homestead and continued their work of caring for and looking after Mr. Koenig and Mr. Moore through the illness and death of Theodore Koenig and until after the death of Alex Moore.

"Under the facts in this case, specific performance should be decreed so far as the property is concerned described as being a piece of land bounded on the north by lands now owned by Michigan Investment Company, on the east by the St. Clair river, on the south by the north line of the old Clark farm, and on the west by the highway, having a frontage on the St. Clair river and on said highway of approximately 165 feet, all in section 19, township of East China, St. Clair county, Michigan. While it is true that the promisors died at a comparatively early age and that the performance of the contract entered into was a rather short duration, still this fact alone will not defeat specific per-

formance because the contract was a completed one upon the death of Alex Moore and the services rendered were of such a nature as cannot be fairly and adequately compensated by a money judgment.

"Plaintiffs may have a decree for specific performance of the contract as claimed, and such a decree may be prepared. Plaintiffs will recover costs.

"It is the opinion of the court that it was not the intent or the meaning of the contract entered into that the household furniture should be included in this agreement. The real estate had come down through the Huse family; as to the household furniture, the proofs do not show how it was acquired. The household furniture will not be included in the decree."

The record fully supports the conclusions of the circuit judge. The law on the subject is plain, and the decree is affirmed, with costs to plaintiffs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.